Judgment rendered July 15, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,965-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

DEVIN R. NED                                Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 384,942

Honorable Donald Edgar Hathaway, Jr., Judge

* * * * *

| | |
|---|---|
| LOUISIANA APPEALS & WRIT SERVICE<br>By: Remy V. Starns<br>    Desiree M. Valenti | Counsel for Appellant |
| JAMES E. STEWART, SR.<br>District Attorney | Counsel for Appellee |
| JAMES W. WALTMAN<br>MARGARET RICHIE GASKINS<br>Assistant District Attorneys | |

* * * * *

Before STONE, COX, and MARCOTTE, JJ.

**COX, J.**

This case arises out of the First Judicial District Court, Caddo Parish, Louisiana. Devin R. Ned previously appealed his conviction and sentence. In his previous appeal, *State v. Ned*, 56,447 (La. App. 2 Cir. 10/1/25), 420 So. 3d 1264, this Court affirmed his convictions, vacated his sentences, and remanded for resentencing. The trial court resentenced Ned to 15 years at hard labor for attempted manslaughter and 5 years at hard labor for aggravated flight from an officer, to be served consecutively. Ned now appeals his consecutive sentences as excessive. For the following reasons, we affirm Ned's sentences.

## FACTS

On August 26, 2021, Shreveport Police received a report of Ned pacing and lurking in someone's yard. When officers arrived, Ned fled in a vehicle, leading officers on a high-speed chase through a residential area. Ned drove to a dead-end street and turned off the road. Ofc. Anthony Visciotti exited his vehicle and drew his weapon. Ned reversed his vehicle, Ofc. Visciotti attempted to move out of the way, and Ned turned sharply and struck Ofc. Visciotti with his vehicle, which sent Ofc. Visciotti over the top of the vehicle. Ofc. Visciotti was not badly injured: he landed on his feet, grabbed his gun, and fired at Ned's vehicle, striking Ned in the shoulder.

Ned was charged by bill of information with (1) attempted first degree murder of a police officer and (2) aggravated flight from a law enforcement officer. Ned was convicted by a jury of (1) the responsive verdict of attempted manslaughter and (2) aggravated flight from an officer. He was sentenced to 15 years at hard labor for attempted manslaughter and 5 years

at hard labor for aggravated flight from an officer, to be served consecutively. Ned appealed his convictions and sentences.

This Court affirmed his convictions and noted that the sentences were not excessive but vacated his sentences and remanded for resentencing, finding that the trial court's sentencing colloquy did not meet the requirements for imposing consecutive sentences. This Court expressed no opinion as to whether consecutive sentences may be justified and the matter was remanded for further proceedings in compliance with La. C. Cr. P. art. 883.

On remand, Ned was resentenced with the same sentences of 15 and 5 years at hard labor. The trial court stated:

> The sentences are to run consecutively due to the defendant's criminal history referenced above, the gravity and dangerousness of the offense. The defendant traveled through neighborhoods and on city streets with reckless disregard for the public or officer's safety. Indeed, he purposefully struck an officer flipping him over his car. The defendant has demonstrated he is a danger to the public and the public is safer with him off the streets.

Ned's criminal history, as referenced by the trial court, included the violation of a protective order in 2020, violation of a protective order in 2021, and battery of a dating partner second offense in 2021. The trial court filed a resentencing outline in the record. The resentencing outline was almost identical to the sentencing outline but included the reasons stated on the record for the consecutive sentences. Ned filed a motion to reconsider sentence, arguing his sentence was excessive and unconstitutionally harsh. His motion was denied. Ned now appeals his sentence.

**ARGUMENTS**

Ned's sole assignment of error is that his consecutive, maximum, and near-maximum sentences are excessive, and the trial court did not articulate particular justification for the consecutive sentences. As in the previous appeal, Ned argues that his 15-year and 5-year sentences are excessive, and the trial court only considered a limited amount of personal information.

Regarding the consecutive nature of the sentences, Ned argues that the trial court failed to consider the fact that the police were not investigating him for a serious or violent offense when they were initially called. He argues that his case should be remanded for the trial court to impose concurrent sentences as it is not apparent that he is an unusual risk of danger to the public; he has the potential to be rehabilitated; there is no evidence that he routinely speeds through neighborhoods; and he was 24-years-old, with a high school education, employment, and a family to support his re-entry and contribution to society.

The State asserts that because Ned's motion to reconsider his sentence only asserts that his sentence is excessive and unconstitutionally harsh, he is limited to a bare constitutional excessiveness review. The State highlights that this Court already upheld the individual sentences of 15 years and 5 years; therefore, the only issues for this Court to review are: 1) whether the trial court adequately articulated its particular justification for imposing consecutive sentences rather than concurrent sentences pursuant to La. C. Cr. P. art. 883, and 2) whether the imposition of concurrent sentences is constitutionally excessive.

The State argues that the trial court's written re-sentencing outline complies with La. C. Cr. P. art. 883 for imposing a consecutive sentence.

3

The State asserts that the sentences were appropriate given the combination of his aggravated flight from an officer and his attempt to kill or harm the officer with his vehicle. The State argues that given the evidence in this case and Ned's criminal history, Ned's consecutive sentences do not shock the sense of justice. The State also highlights that the trial court did not choose to impose the sentences without benefits, leaving open the possibility for an earlier release. The State requests that this Court affirm Ned's sentences.

**LAW**

When a defendant's motion to reconsider sentence raises only a claim that the sentence imposed was constitutionally excessive, he is relegated to review of his sentence on that ground alone. La. C. Cr. P. art. 881.1; *State v. Turner*, 50,221 (La. App. 2 Cir. 1/20/16), 186 So. 3d 720, *writ denied*, 16-0283 (La. 2/10/17), 215 So. 3d 700.

A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Shaikh*, 16-0750 (La. 10/18/17), 236 So. 3d 1206; *State v. Means*, 51,926 (La. App. 2 Cir. 5/23/18), 246 So. 3d 866. To constitute an excessive sentence, a reviewing court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock the sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and, therefore, is nothing more than the needless imposition of pain and suffering. *State v. Griffin*, 14-1214 (La. 10/14/15), 180 So. 3d 1262. The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So.

4

2d 7. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Williams, supra*; *State v. Means, supra*.

Concurrent sentences arising out of a single course of conduct are not mandatory, and consecutive sentences under those circumstances are not necessarily excessive. *State v. Means, supra; State v. Scott*, 50,920 (La. App. 2 Cir. 11/16/16), 209 So. 3d 248, *writ denied*, 17-0353 (La. 11/13/17), 229 So. 3d 478. It is within the court's discretion to make sentences consecutive rather than concurrent. *State v. Means*, *supra*; *State v. Robinson*, 49,677 (La. App. 2 Cir. 4/15/15), 163 So. 3d 829, *writ denied*, 15-0924 (La. 4/15/16), 191 So. 3d 1034.

A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence or record. *State v. Nixon,* 51,319 (La. App. 2 Cir. 5/19/17), 222 So. 3d 123, *writ denied*, 17-0966 (La. 4/27/18), 239 So. 3d 836. When a sentencing court directs that multiple sentences arising from a single course of conduct be served consecutively, the sentencing court is required to state the factors considered and its reasons for the consecutive sentences. *State v. Craft*, 49,731 (La. App. 2 Cir. 2/26/15), 162 So. 3d 539, *writ denied*, 15-0544 (La. 1/25/16), 184 So. 3d 1288. The factors to be considered include: (1) the defendant's criminal history; (2) the gravity or dangerousness of the offense; (3) the viciousness of the crimes; (4) the harm done to the victims; (5) whether the defendant constitutes an unusual risk of danger to the public; (6) the potential for the defendant's rehabilitation; and (7) whether the defendant received a benefit as part of a plea bargain. *Id*. However, the sentencing court's failure to articulate specific reasons for consecutive

5

sentences does not require remand if the record provides an adequate factual basis to support consecutive sentences. *State v. Means, supra; State v. Nixon, supra*.

**DISCUSSION**

This Court previously noted that Ned's individual sentences were not excessive but remanded the matter because the trial court failed to articulate reasons for the consecutive nature of the sentences. On remand, the trial court imposed the same sentences and included reasons for ordering the sentences to run consecutively.

The trial noted Ned's criminal history and the dangerousness of his offenses. The trial court stated that Ned purposefully struck an officer and flipped him over Ned's vehicle, with reckless disregard for the officer's and public's safety. The trial court found that Ned was a danger to the public, and the public is safer with Ned off the streets. The last consecutive sentencing factor does not apply because Ned did not benefit from a plea bargain. Based on this record and the articulation of reasons for consecutive sentences, we do not find that the trial court abused it discretion in ordering Ned's sentences to run consecutively.

Ned argues that the consecutive nature of his sentences renders his sentences excessive. This Court has already found that Ned's individual sentences of 15 and 5 years are not excessive. Ned's aggregate sentence is 20 years of imprisonment, which is the maximum sentence for attempted manslaughter alone. *See* La. R.S. 14:31(B) *and* La. R.S. 14:27(D)(3). At the time of his offense, Ned's aggregate sentencing exposure for both crimes was 25 years of imprisonment. *Id*; *See* La. R.S. 14:108.1(E)(1). We have considered the entire record, Ned's criminal history, and Ned's actions in

6

fleeing through a neighborhood and striking an officer with his vehicle. Based on these considerations, Ned's consecutive sentences of 15 years and 5 years do not shock the sense of justice and are not excessive. We affirm Ned's sentences.

## CONCLUSION

Ned's convictions were previously affirmed on appeal. For the reasons set forth above, Ned's sentences are affirmed.

**AFFIRMED.**